IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VARTAURSE CORNELIOUS PENNS**                                              **PLAINTIFF**

v.                                              Civil Action No. 1:14-cv-399-HSO-JCG

**B. THOMPSON, et al.**                                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* for recommendation of dismissal due to Plaintiff's failure to prosecute. When Plaintiff Vartaurse Cornelious Penns filed this suit on October 22, 2014, he was incarcerated at the George-Green County/Regional Correctional Facility in Lucedale, Mississippi. Plaintiff has since been released from incarceration, but he has not filed a change of address with the Court.

Plaintiff failed to appear at a duly-noticed omnibus hearing scheduled for June 24, 2015. The Order Setting Omnibus Hearing [62] and a Notice of Hearing were mailed to Plaintiff via certified mail to Plaintiff's address of record at the George-Green County/Regional Correctional Facility. On May 11, 2015, the certified mail was returned as "not deliverable as addressed" and "unable to forward." Doc. [66]. The envelope was stamped "No longer at this institution. No forwarding address on file." *Id.*

Defense counsel Kristi Brown mailed a copy of the Order Setting Omnibus Hearing to 250 Rodenburg, Biloxi, Mississippi, 39350, an address listed as Plaintiff's on a booking form. On June 16, 2015, Ms. Brown filed an Affidavit [68],

averring that the letter mailed to the 250 Rodenburg address had been returned as "not deliverable as addressed." Doc. [68-1].[1]

Plaintiff has not filed a pleading or otherwise corresponded with the Court since January 14, 2015. Three separate orders cautioned Plaintiff that it was his duty to keep the Court apprised of his current address. The Court's Order of October 22, 2014, warned Plaintiff that his "failure to advise this court of a change of address will be deemed as purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed *sua sponte*, without prejudice, without further written notice." Order [7] 2. The Court's Order of October 28, 2014, warned Plaintiff that "failure to advise the Court of a change of address . . . will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case." Order [9] 3. The Court's Order of December 8, 2014, warned Plaintiff that "[f]ailure to advise the Court of a change of address . . . will be deemed purposeful delay and a contumacious act by Penns that may result in dismissal of this case." Order [27] 6.

After Plaintiff failed to appear at the omnibus hearing, the Court issued a Show Cause Order [70]. Plaintiff was given a deadline of July 6, 2015, to show cause in writing why his failure to appear at the omnibus hearing should not result

---

[1]Defense counsel J. Robert Ramsay also attempted to mail copies of pleadings to Plaintiff at both the George-Green County/Regional Correctional Facility and the 250 Rodenburg address. Letters to both addresses were returned as undeliverable. Docs. [69-1, 69-2]. The letter to the George-Green County/Regional Correctional Facility was stamped "Return to Sender. Released." Doc. [69-1].

in dismissal of this suit for failure to prosecute.  Plaintiff was "specifically warned that failure to comply with this Order by timely filing a written response will result in an immediate recommendation that this case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)."  Show Cause Order [70] 1.

The Show Cause Order [70] was mailed to Plaintiff at three addresses via certified mail.  It was mailed to Plaintiff's address of record at the George-Green County/Regional Correctional Facility.  It was mailed to the 250 Rosenburg address, provided by Ms. Brown.  At the request of both defense counsel during the omnibus hearing, the Show Cause Order was also mailed to 258 Rodenberg, Apt. A, Biloxi, Mississippi 39531, an address found on one of Plaintiff's medical records.

Plaintiff's deadline of July 6, 2015, for filing a response to the Show Cause Order has passed.  Plaintiff filed no response and has not otherwise communicated with the Court.  All three certified mailings containing the Show Cause Order have been tracked.  The mailing to the George-Green County/Regional Correctional Facility was returned as "not deliverable" and "unable to forward."  Doc. [71].  The United States Postal Service attempted delivery to both other addresses on June 25, 2015.  Because no authorized recipient was available at either address, notices were left, advising that the certified mail could be picked up at the Post Office or redelivery arranged.  In the nearly two weeks since June 25, 2014, neither letter has been retrieved nor redelivery arranged.

The Court has authority to dismiss an action for a plaintiff's failure to prosecute, both pursuant to Federal Rule of Civil Procedure 41(b) and the Court's

-3-

inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

It is the opinion of the undersigned that this case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and failure to comply with the Court's numerous Orders requiring him to keep the Court apprised of his current address. All remaining pending motions should be denied as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written

objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 7th day of July, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE